Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued April 22, 2004        Decided July 16, 2004

No. 03-1396

VERIZON TELEPHONE COMPANIES,
PETITIONERS

v.

FEDERAL COMMUNICATIONS COMMISSION AND
UNITED STATES OF AMERICA,
RESPONDENTS

AT&T CORPORATION, ET AL.,
INTERVENORS

———

On Petition for Review of an Order of the
Federal Communications Commission

———

*Jonathan E. Nuechterlein* argued the cause for petitioners. With him on the briefs were *Samir C. Jain, Kathryn A. Reilly, Michael E. Glover,* and *Edward Shakin.*

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Austin C. Schlick*, Counsel, Federal Communications Commission, argued the cause for respondents. On the brief were *R. Hewitt Pate*, Assistant Attorney General, U.S. Department of Justice, *Robert B. Nicholson* and *Robert J. Wiggers*, Attorneys, *John A. Rogovin*, General Counsel, Federal Communications Commission, and *Laurel R. Bergold*, Counsel. *John E. Ingle*, Deputy Associate General Counsel, entered an appearance.

*David L. Lawson* argued the cause for intervenors AT&T Corporation, et al. With him on the brief were *Virginia A. Seitz, Michael J. Hunseder, David W. Carpenter, Mark D. Schneider, Ian H. Gershengorn, William Single IV, Allison M. Ellis, Christopher J. Wright*, and *Timothy J. Simeone*.

Before: GINSBURG, *Chief Judge*, and GARLAND and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Verizon petitions for review of an order of the Federal Communications Commission denying the Company's request that the Commission forbear from requiring it to unbundle and to lease certain elements of its network pursuant to § 271 of the Communications Act of 1934. The Commission had previously determined that incumbent local exchange carriers (ILECs), including Verizon, need not unbundle and lease those same elements under § 251 of the Act. Because the Commission failed adequately to explain its decision not to forbear, we grant Verizon's petition for review.

## I. Background

Under § 10 of the Communications Act of 1934, as amended by the Telecommunications Act of 1996, the Commission "shall forbear from applying any regulation or any provision [of the Act] . . . to a telecommunications carrier or telecommunications service" if it determines

> (1) enforcement of such regulation or provision is not necessary to ensure that the charges, practices, classifications, or regulations by, for, or in connection with that

telecommunications carrier or telecommunications service are just and reasonable and are not unjustly or unreasonably discriminatory;

(2) enforcement of such regulation or provision is not necessary for the protection of consumers; and

(3) forbearance from applying such provision or regulation is consistent with the public interest.

47 U.S.C. § 160(a)(1)-(3). The Commission must make its determination whether to grant or to deny a petition for forbearance within one year of receiving it, else the petition is deemed granted. *Id.* § 160(c). The Commission may, however, upon finding an extension is necessary in order to meet the requirements set out above, extend the one-year period by 90 days, as it did here.

As a Bell Operating Company (BOC), Verizon must satisfy the requirements of § 271 of the Act before it may provide interLATA (i.e., long distance) services. *See* 47 U.S.C. § 271. Those requirements include a "competitive checklist" setting out 14 conditions a BOC must satisfy when providing "access and interconnection" to competitive local exchange carriers (CLECs). 47 U.S.C. § 271(c)(2)(B). The four checklist items at issue in this case require the BOCs to provide CLECs with local loop transmission, transport, and switching, as well as nondiscriminatory access to certain network elements. *See* 47 U.S.C. § 271(c)(2)(B)(iv)-(vi) & (x). Section 251 of the Act sets out "interconnection" requirements with which all telecommunications carriers, not only the BOCs, must comply. Section 251(d)(2) instructs the Commission to "consider, at a minimum, whether . . . the failure [of an ILEC] to provide access to such network elements would impair" the ability of a CLEC to provide the services it seeks to offer. *See* 47 U.S.C. § 251(d)(2).

On July 29, 2002 Verizon petitioned the Commission "to forbear from applying items four through six and item ten of the Section 271 competitive checklist once the corresponding elements no longer need to be unbundled under Section 251(d)(2)." Verizon took the position in its petition for forbearance that "[w]here an element no longer meets the

Section 251(d)(2) standard for unbundling, forbearance with respect to the parallel checklist item is required by Section 10."

In August 2003 the Commission "eliminate[d]" the unbundling requirement of § 251 with respect to most broadband network elements, in order to "mak[e] it easier for companies to invest in new equipment and deploy the high-speed services that consumers desire." *See* Report and Order and Order on Remand and Further Notice of Proposed Rulemaking, *Review of the Section 251 Unbundling Obligations of Incumbent Local Exchange Carriers*, CC Docket Nos. 01–338 et al., FCC 03–36, 18 FCC Rcd 16978 (Aug. 21, 2003) (*Triennial Review Order*). We upheld that part of the *Triennial Review Order* in *United States Telecom Ass'n v. FCC*, 359 F.3d 554, 585 (D.C. Cir. 2004).

On October 24, 2003, one business day before expiration of the 90–day extension of the time for the Commission to act upon Verizon's July 2002 petition, Verizon submitted an *ex parte* letter to the Commission, as authorized by 47 C.F.R. §§ 1.1200, 1.1206. The letter stated:

> [A]lthough Verizon's petition originally requested forbearance with respect to *all* elements that do not have to be unbundled under section 251, the broadband issue is sufficiently urgent that we hereby withdraw our request for forbearance with respect to any narrowband elements that do not have to be unbundled under section 251. Specifically, the portion of the forbearance petition that remains pending relates to the broadband elements that the Commission has found [in the *Triennial Review Order*] do not have to be unbundled under section 251, including fiber-to-the-premises-loops, the packet-switched features, functions and capability of hybrid loops, and packet switching.

(Emphasis in original.) Along with its letter, Verizon submitted a 19–page memorandum detailing the reasons it maintained the Commission was required to forbear from requiring it to unbundle broadband elements pursuant to § 271.

On October 27, 2003, the last day of the 90–day extension period, the Commission denied Verizon's petition for forbearance, stating in relevant part:

> We find that Verizon's October 24 *Ex Parte* Letter abandoned the core legal rationale underlying its Petition and substituted a wholly different argument for forbearance. We therefore deny Verizon's initial Petition because the principal argument for the relief initially requested was rendered moot by the *Triennial Review Order* and because Verizon substituted a new theory of relief. In light of this substitution, we choose to treat Verizon's October 24 *Ex Parte* Letter as a new forbearance petition.

As "a new forbearance petition," Verizon's *ex parte* letter triggered a new one-year period for consideration, and the Commission established a new schedule for comments accordingly. Verizon now petitions the court for review of the October 27 order.

## II. Analysis

Verizon first complains the Commission violated § 10(c) of the Communications Act by failing to rule on the merits of its petition for forbearance within the statutory period. As mentioned above, a petition for forbearance is deemed granted under § 10(c) if the Commission does not deny it within one year (or, as here, one year plus 90 days) after it receives the petition. *See* 47 U.S.C. § 160(c). Verizon also argues that by treating its *ex parte* letter of October 24, 2003 as a new forbearance petition, the Commission unlawfully extended the review period beyond the statutory deadline.

As the Commission first correctly points out, its decision of October 27, although not on the merits, was timely; nothing in the Act requires that the Commission make a decision on the merits of an application that is defective procedurally — particularly if the defect arises only one day before the deadline for a decision. The significant question, therefore, is not whether the Commission violated the statutory deadline, but whether, as Verizon also argues, the Commission's expla-

nation for denying Verizon's petition was inadequate and its decision therefore "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A); *see also Cellular Telcoms. & Internet Ass'n v. FCC*, 330 F.3d 502, 507 (D.C. Cir. 2003) (in addition to requirements of § 10, Commission order "is also subject to review under the [Administrative Procedure Act] 'arbitrary and capricious' standard").

The Commission denied Verizon's petition on two independent grounds: (1) In its *ex parte* letter of October 24 "Verizon substituted a new theory of relief"; and (2) "the principal argument for the relief initially requested was rendered moot by the *Triennial Review Order*." With respect to the *ex parte* letter, Verizon argues it neither "abandoned the core legal rationale underlying its Petition," nor "substituted a wholly different argument for forbearance," as the Commission put the matter in the order. On the contrary, Verizon argues that in the letter it "*reiterated* the basic rationales for forbearance" (emphasis in original); the broadband issues raised in the *ex parte* letter addressed the same "policy concerns that Verizon … had aired, and the FCC [had] accepted, in the *Triennial Review* proceeding." The Commission responds by pointing out that Verizon had made no mention of broadband in its July 2002 petition whereas in the *ex parte* letter it "relied upon the specific finding relating to broadband elements in the *Triennial Review Order*" issued in August 2003.

The Commission's assertion that Verizon's *ex parte* letter "abandoned the core legal rationale underlying its Petition" makes no apparent sense when one realizes that broadband elements are merely a subset of the network elements for which Verizon requested forbearance in its July 2002 petition. In that petition Verizon had asked the Commission, without qualification or limitation,

> to forbear from applying items four through six and ten of the Section 271 competitive checklist once the corresponding elements no longer need to be unbundled under Section 251(d)(2).

This request was applicable on its face to broadband as well as to other network elements. Yet the Commission in its brief claims

> the issue raised by Verizon's *ex parte* forbearance request was very different [from the one it raised in its July 2002 petition]: whether the Commission should exercise its section 10 forbearance authority not to apply specific section 271 competitive checklist items to broadband elements that the Commission had found no longer subject to section 251 unbundling requirements.

At the very least, it is not apparent — and the Commission certainly did not explain in the order denying Verizon's petition — why or how "the issue raised by Verizon's *ex parte* forbearance letter was," in any meaningful way, "very different" from, rather than a mere narrowing of, its petition for forbearance.

In its brief the Commission offers additional bases of support for its decision to treat Verizon's *ex parte* letter as a new petition. It points to § 4(j) of the Communications Act, which authorizes the Commission to "conduct its proceedings in such a manner as will best conduce to the proper dispatch of business and to the ends of justice," 47 U.S.C. § 154(j), and to § 4(i), which authorizes the Commission to "perform any and all acts, make such rules and regulations, and issue such orders, not inconsistent with this Act," *id.* § 154(i). No doubt the Commission is authorized to order its own proceeding as it reasonably sees fit, but that authority does not extend to dispensing with a reasoned explanation for its decisions. Perhaps the cited provisions would have formed a proper basis for deferring a decision upon an issue first raised — if indeed a new issue was raised — only one business day before the statutory deadline, but nowhere in the order did the Commission suggest Verizon's *ex parte* letter was untimely filed. Because the foregoing reasons formed no part of the Commission's rationale, and because they cannot reasonably be linked to either of the two reasons the Commission did give in denying Verizon's petition, they "cannot provide the

basis for upholding the FCC's decision." *AT&T Corp. v. FCC*, 236 F.3d 729, 735–36 (D.C. Cir. 2001).

At oral argument Commission counsel argued for the first time the relief Verizon requested in its petition for forbearance was necessarily limited to instances where "evidence . . . supports a finding of no impairment for a particular network element." Because there was no such finding with respect to hybrid loops, *see Triennial Review Order* ¶ 286, which were included among the broadband elements expressly mentioned in the memorandum Verizon submitted in support of its *ex parte* letter, counsel claimed Verizon abandoned in its entirety the theory underlying its initial petition for forbearance. Although we do not ordinarily consider a claim or defense raised for the first time at oral argument, *see United Distrib. Cos. v. FERC*, 88 F.3d 1105, 1140 (D.C. Cir. 1996), we do so here in order to avert a problem on remand — but only to the limited extent of pointing out that counsel has mischaracterized Verizon's request for forbearance. The Company quite plainly asked the Commission "to forbear from applying items four through six and ten of the Section 271 competitive checklist once the corresponding elements no longer need to be unbundled under Section 251(d)(2)." Commission counsel's belated "no impairment" gloss would unfairly limit Verizon's July 2002 petition. Furthermore, although counsel's new claim at oral argument relied upon Verizon's "legal rationale" as applied specifically to hybrid loops, we note the order under review contains not a single mention of hybrid loops.

Having failed to provide an adequate explanation of how Verizon's *ex parte* letter "abandoned the core legal rationale underlying its Petition" rather than, as Verizon claims, merely "narrow[ed to broadband] and simplified the range of issues" covered in the petition, the Commission's decision denying Verizon's petition must stand or fall upon its alternative holding that Verizon's "principal argument for [forbearance] was rendered moot by the *Triennial Review Order*." In support of this claim the Commission relied upon the following passage in the *Triennial Review Order*:

> [T]he requirements of section 271(c)(2)(B) establish an independent obligation for BOCs to provide access to loops, switching, transport, and signaling regardless of any unbundling analysis under section 251.... [T]he plain language and the structure of section 271(c)(2)(B) establish that BOCs have an independent and ongoing access obligation under section 271. Checklist item 2 requires compliance with the general unbundling obligations of section 251(c)(3) and of section 251(d)(2) which cross-references section 251(c)(3). Checklist items 4, 5, 6, and 10 separately impose access requirements regarding loop, transport, switching, and signaling, without mentioning section 251.

¶¶ 653–54; *see also id.* ¶ 655.

Verizon acknowledges that its obligations under § 271 are, per the excerpt above, independent of its corresponding obligations under § 251 and therefore persist after the latter have been eliminated, but it argues that is a "reason to grant forbearance" from § 271, not a ground for dismissing its request for forbearance as moot: "There can be no forbearance until the Commission first establishes the existence of a statutory obligation to forbear *from*." (Emphasis in original.) According to Verizon, the disincentive to pursue "research and development" that ILECs face when forced to unbundle certain network elements — specifically broadband elements — under § 251 is no different from the disincentive BOCs, being a subset of ILECs, likewise face when required to unbundle those same network elements under § 271. The Commission responds by claiming it did not deem moot Verizon's request that it forbear from applying § 271 to broadband elements; rather, the Commission viewed Verizon's petition as addressing only whether "the removal of the section 251 unbundling requirement for a particular element by itself mandates forbearance from the corresponding [checklist] requirement under section 271," an issue it had already resolved in the *Triennial Review Order*.

As an initial matter, we note the Commission's claim that the *Triennial Review Order* rendered Verizon's argument

moot is in some tension with its disclaimer in that very order: "We do not address Verizon's forbearance petition in this *Triennial Review* proceeding." 18 FCC Rcd 16978, 17383 n.1977. Beyond that procedural limitation, the substance of the *Triennial Review Order* falls short of having resolved the issue raised by Verizon's petition. In particular, the paragraphs of the *Triennial Review Order* the Commission now invokes as having mooted Verizon's "principal argument," *see* ¶¶ 653–55, do not provide a reasoned explanation for denying forbearance according to the statutory requirements of § 10. Rather, as Verizon points out, they merely confirm that a BOC has an obligation to provide unbundled network elements under § 271 regardless whether it is also required to do so under § 251. The Commission did not even attempt to explain why forbearance is not appropriate or, as claimed by Verizon, required in such a circumstance; indeed, the Commission denied forbearance without ever considering the requirements of § 10. Nor did the Commission consider Verizon's claim to have "fully implemented" the requirements of § 271 — a precondition of forbearance, *see* 47 U.S.C. § 160(d). These omissions render the Commission's decision arbitrary and capricious, not the product of reasoned decisionmaking.

## III. Conclusion

For the foregoing reasons, Verizon's petition for review is granted. This matter is remanded to the Commission either to grant Verizon's petition for forbearance or to provide a reasoned explanation for denying it. Verizon's further request that the Commission be required to issue a new order within 30 days, based upon the record as it stands now — that is, as supplemented by the filings of Verizon and other interested parties since the Commission issued the order now under review — is denied. Lest the intention of the Congress in § 10 to expedite forbearance decisions be set to naught, we would have required the Commission to issue a new order within 30 days had Verizon itself not made clear that it wants a decision based upon the record compiled through the present. It would be inappropriate, however, for the court to require so expedited a decision based upon a

record that, as far as we can tell, is not yet closed and may, in any event, require the Commission to consider much material that was not before it as of last October 27.

*So ordered.*